# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DEVERICK SCOTT,**                                                                                **PLAINTIFF**
**ADC #131042**

**V.**                    **CASE NO. 5:18-CV-150-JM-BD**

**JAMES GIBSON, et al.**                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

### II. Discussion

    A. Background

Deverick Scott, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) He claims that Defendants Simpson-Williams and Mothershed retaliated against him, and that

Defendants Gibson, Shipman, Carroll, Simpson-Williams, and Mothershed failed to protect him from an attack by an inmate porter.

Defendants have now moved to dismiss Mr. Scott's claims against them. (#14) Mr. Scott has responded to the motion (#17), and he has filed a number of motions that remain pending in this case (#5, #16, #18).

B.  Standard

In deciding whether Mr. Scott has stated a federal claim for relief, the Court must determine whether he has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 561 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Id*. at 547.

1.  Failure-to-Protect

Prison officials have a clearly established duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order to state a claim for this constitutional violation, Mr. Scott must allege facts that, if true, show that his continued interaction with the inmate who attacked him created a substantial risk of serious harm. He must also plead facts showing that Defendants actually knew of, or were deliberately indifferent to, the risk Mr. Scott faced, yet disregarded that risk. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).

Mr. Scott alleges that, on March 14, 2018, he was housed in cellblock 1 of the Varner Supermax Unit behind a solid door with a trap door for access to food trays and other objects. Sometime prior to March 14th, he and an inmate-porter "had words." (#2 at p.3) Mr. Scott explains that, during the confrontation, he had threatened to "dash" the inmate-porter.[1] (*Id.*)

Mr. Scott states that, on the date of the incident giving rise to this lawsuit, the inmate-porter assaulted him with a "squeegee." While Mr. Scott's hands were extended through the trap door to his cell, the inmate-porter allegedly struck his hands and wrists repeatedly, then stuck the squeegee through the trap door, bruising Mr. Scott's leg.

Mr. Scott seeks to hold the ADC employees named as Defendants responsible for the squeegee attack. Mr. Scott does not allege that the Defendants were aware that the porter-inmate posed a threat to him prior to the attack. If Defendants were not aware of the risk, they cannot be liable in a claim for deliberate indifference to inmate safety.

In his complaint and amended complaint, Mr. Scott states that Defendants Simpson-Williams and Mothershed left his cell block immediately before the attack, thus leaving the cell block understaffed. This allegation, even if true, does not save his claim. If the Defendants were unaware that the inmate-porter posed a threat to Mr. Scott, their leaving the cell block constitutes no more than negligence; and negligence—even gross negligence—cannot support a constitutional claim for deliberate indifference.

---

[1] An inmate-porter is an inmate whose work assignment includes cleaning. According to counsel for the Defendants, "dashing" involves throwing urine or feces on another person.

2. Retaliation

Mr. Scott also claims that Defendants Simpson-Williams and Mothershed left the cellblock understaffed in retaliation for his filing grievances and lawsuits.[2] To support this claim, Mr. Scott must allege facts showing that he engaged in constitutionally protected activity; that Defendants Simpson-Williams and Mothershed took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and that retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Mr. Scott attached to his complaint a grievance he filed on November 9, 2017, complaining that Sgt. Spencer (not a Defendant) had failed to adequately supervise the porters who cleaned the barracks and that, because spider webs had not been cleared away, a spider bit him. (#2, p. 21) The only other grievances he attached or referred to are grievances related to the assault underlying his claims in this lawsuit.

An inmate claiming retaliation has the substantial burden of proving that retaliation was the actual motivating factor for an adverse action. *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996). Allegations of retaliation must be supported by more than

---

[2] Defendants argue that Mr. Scott has not alleged retaliation and that, consequently, the Court should not have identified retaliation as one of his claims. The Court reads complaints filed by non-lawyers liberally. Here, Mr. Scott referred to "retaliation of VSM officers for his use of previous grievance use and §1983 complaint against them. . . .and officers telling inmates they gonna [sic] get Scott theyself [sic] for §1983 he filed on them and nothing is being done to ship Scott to another unit for his safety." (#2, pp. 2-3) Those allegations merit an analysis of a retaliation claim in reviewing a motion to dismiss.

speculation. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). Here, Mr. Scott's claims of retaliation are speculative, conclusory, and unsupported by factual allegations.

### III.  Conclusion

The Court recommends that Defendants' motion to dismiss (#14) be GRANTED. Mr. Scott's claims should be DISMISSED, without prejudice. All pending motions (#5, #16, #18) should be DENIED, as moot.

DATED, this 23rd day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

5